IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **FREDDIE G. JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12-CV-01089 |
| | ) | |
| v. | ) | **JUDGE TRAUGER** |
| | ) | **MAGISTRATE JUDGE BRYANT** |
| **UNIPRES U.S.A., INC.,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |
| | ) | |

**CASE MANAGEMENT ORDER**

In accordance with Local Rule 11(d), and pursuant to the Case Management Conference held on December 19, 2012, before the Honorable Aleta Trauger, U.S. District Judge, the parties submit the following case management order for the Court's approval.

**I.     Jurisdiction and Venue**

1.     Jurisdiction is not in dispute and is based upon 28 U.S.C. § 1331.

**II.    Parties' Theories of the Case**

   **A.     Plaintiffs' Theory of the Case**

Plaintiff began his employment with Defendant in 1988, as a Press Technician. Through hard work and dedication, he progressed with the company to the position of Kaizen (Fabricator). Starting in or about October 2010, and continuing until the date of his discharge, Plaintiff was harassed, threatened, and intimidated by his co-worker, Brian Keen. Mr. Keen was employed by Defendant as an Area Manager. He repeatedly told Plaintiff that he was a "has been" due to his age, as well has "half the man he used to be", while threatening to bodily harm the Plaintiff. Mr. Keen repeated these remarks to other co-workers.

On or about August 10, 2011, Plaintiff reported Mr. Keen's actions and remarks to Defendant's Human Resources representative Jana Finley. Ms. Finley responded to this by

telling Plaintiff "What Mr. Keen said did not matter." Just seven days after alerting Human Resources to this discrimination and hostile work environment, Plaintiff was discharged, after twenty-three years of dedication and service to Defendant.

    B.    **Defendant's Theory of the Case**

Plaintiff's Second Amended Complaint was improperly filed. Under Rule 15, a second amended complaint cannot be filed without leave of court.

Plaintiff was not terminated because of his age or in retaliation for reporting perceived age discriminatory behavior. Plaintiff was terminated on August 17, 2011, because on August 9, 2011, he used intimidating, threatening, and abusive language towards his supervisor and was insubordinate in that he failed to perform reasonable duties assigned by his supervisor.

Plaintiff's termination arose out of a verbal confrontation initiated by Plaintiff against his supervisor, Brian Keen, on August 9, 2011. The confrontation was investigated by Unipres human resources department, which resulted in Plaintiff's termination on August 17, 2011.

**III.    Schedule of Pretrial Proceedings**

    A.    **Motion to Dismiss – Status**

Defendant may file a reply in support of its Motion to Dismiss (Doc. Entry No. 5) by January 4, 2013.

    B.    **Rule 26(a)(1) Disclosures**

The parties shall exchange their Rule 26(a)(1) disclosures by **January 19, 2013**.

    C.    **Other Pretrial Discovery Matters**

All discovery shall be completed by **July 2, 2013.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **July 2, 2013.**

All dispositive motions shall be filed by **August 15, 2013,** and any response thereto shall be filed no later than twenty (20) days after the dispositive motion filing date. Any reply shall be filed no later than ten (10) days after the response was filed.

Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

**D.** **Electronic Discovery**

The parties agree to suspend the requirements of Local Administrative Order 174 and to conduct electronic discovery like any other discovery under the Federal Rules of Civil Procedure.

**IV.** **Prospects for Settlement**

A joint mediation report shall be filed no later than June 20, 2013.

It is so Ordered the 20th day of December, 2012.

_____<br>Judge Aleta Trauger

APPROVED FOR ENTRY:


/s/ Andy L. Allman (w/permission)
Andy L. Allman
103 Bluegrass Commons Boulevard
Hendersonville, Tennessee 37075
(615) 238-6312
*Attorneys for Plaintiff Freddie G. Jones*


/s/ M. Clark Spoden
M. Clark Spoden
James B. Johnson
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
(615) 782-2200

*Attorneys for Defendant Unipres U.S.A., Inc.*



972535:1:NASHVILLE